UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MILTON MCDANIEL,

    Plaintiff,

  v.            Case No. 14-CV-1323

JEFFREY GILL,

    Defendant.

## ORDER

On October 23, 2015, the court issued an order granting the defendant's motion for summary judgment and dismissing this action. Over a year later, on November 11, 2016, plaintiff Milton McDaniel filed a motion asking the court to allow him to proceed with this case. Because this case has been closed for more than a year, there is no case in this court with which to proceed.

Further, McDaniel filed a notice of appeal in September 2016. "The filing of an appeal . . . deprive[s] the district court of jurisdiction over the case." *Boyko v. Anderson*, 185 F.3d 672, 674 (7th Cir. 1999).

> [T]he district court and the court of appeals do not share jurisdiction over the same case. Jurisdiction is either all in one court or all in the other. This rule is necessary to prevent one court's stepping on the toes

of the other, which would waste judicial time as well as forcing the parties to proceed in two courts in the same case at the same time.

*Id.* (citations omitted). In other words, once the case goes to the court of appeals, this court does not have jurisdiction to grant a motion. *Id.* The court does not even have the power to consider a motion. *Id.* at 675.

Circuit Rule 57 of the Circuit Rules of the Court of Appeals for the Seventh Circuit states that if, during the pendency of an appeal a party files a motion under Fed. R. Civ. P. 60(a) or 60(b) "or any other rule that permits the modification of a final judgment," that party should ask the district court to indicate whether it is inclined to grant the motion. If the district court says it is so inclined, the Court of Appeals will remand the case to the district court to modify the judgment. McDaniel's motion is not a motion under a rule permitting modification of a final judgment.

Because this court does not have jurisdiction to consider the motion, and because the motion was not filed pursuant to a rule that allows the court to indicate how it would rule if it did have jurisdiction, the court must decline to decide the motion.

**THEREFORE, IT IS ORDERED** that the court **DECLINES TO RULE** on plaintiff's motion to allow him to proceed (ECF No. 59) for lack of jurisdiction.

Dated at Milwaukee, Wisconsin this 14th day of November, 2016.

WILLIAM E. DUFFIN
U.S. Magistrate Judge